IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHANNA R. HINANT, #Y30924, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 19-cv-01293-JPG |
| ) | |
| SALINE COUNTY JAIL, ) | |
| BRIAN BENNETT, ) | |
| and JILL BENNETT, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff Shanna Hinant, a former inmate at Saline County Jail located in Harrisburg, Illinois, brings this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1, pp. 1-23). Plaintiff claims she was denied medical care for a leg injury she suffered during her detention at the Jail. (*Id*. at p. 6). In connection with this claim, Plaintiff sues Saline County Jail, Supervisor Brian Bennett, and Supervisor Jill Bennett for money damages and injunctive relief. (*Id*. at p. 7).

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff sets forth the following allegations in the Complaint (Doc. 1, p. 6): In May 2018, Plaintiff fell in the Jail's recreational yard and injured her right leg, knee, and hip. (*Id*.). A "few

1

weeks" later, she was taken to a local hospital for x-rays, which showed no fracture. (*Id.*). She was then referred to an orthopedic surgeon for further evaluation. (*Id.*). Before she could "get any answers," however, Plaintiff transferred to prison. (*Id.*).

She is currently housed at Logan County Correctional Center. (Doc. 1, p. 6). While there, Plaintiff has requested medical treatment for her injuries and reported increasing pain over time. (*Id.*). However, she has been unable to obtain proper care. (*Id.*). Along with the Complaint, Plaintiff provided documentation of her efforts to secure medical treatment at Logan County Correctional Center. (*Id.* at pp. 6, 8-21).

Based on the allegations summarized above, the Court finds it convenient to designate a single Count in the *pro se* Complaint:

>   **Count 1:** Defendants denied Plaintiff adequate medical treatment for a right leg, knee, and hip injury she suffered at Saline County Jail in May 2018, in violation of her constitutional rights.

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

## Discussion

The Complaint does not survive screening under 28 U.S.C. § 1915A. Plaintiff names the Saline County Jail and two Jail supervisors as defendants. However, the Complaint states no claim for relief against any of them.

The Jail is not a "person" subject to suit under Section 1983. *Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012); *Powell v. Cook Cnty. Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993). In fact, it is not a legal entity at all. A defendant must have the legal capacity to be sued. FED. R. CIV. P. 17(b). When evaluating whether an entity has this capacity, federal courts look to state

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

law. *Magnuson v. Cassarella*, 812 F. Supp. 824, 827 (N.D. Ill. 1992). Under Illinois law, a county jail is not considered a suable entity. *Isaacs v. St. Clair Cnty. Jail*, No. 08-0417-DRH, 2009 WL 211158, at *3-4 (S.D. Ill. Jan. 29, 2009); *Hedger v. Wexford*, No. 18-cv-2081-JPG, 2019 WL 117986, at *2 (S.D. Ill. Jan. 7, 2019). Saline County Jail shall be dismissed with prejudice.

Even if Plaintiff intended to name Saline County instead of the Jail, her claim would not survive screening. Governmental entities can only be held liable for the unconstitutional acts of employees that are carried out pursuant to an official policy or custom. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). The Complaint describes no policy or custom that caused the deprivation of Plaintiff's constitutional rights. *See id*. Any claims against Saline County should be considered dismissed without prejudice.

Further, Supervisors Brian Bennett and Jill Bennett are not mentioned anywhere in the Complaint, other than the case caption and list of defendants. (Doc. 1, pp. 1, 6). The exhibits refer to neither one. (*Id*. at pp. 8-21). Plaintiff cannot pursue her claim against the supervisors based only on their leadership position at the Jail. The doctrine of *respondeat superior* is not applicable in this context. *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005). Section 1983 instead creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Id*. To survive screening, Plaintiff must identify particular defendants who acted or failed to act in a way that caused the violation of her constitutional rights. She cannot merely list potential defendants in the case caption. Count 1 shall be dismissed without prejudice against Supervisors Brian and Jill Bennett.

Finally, Plaintiff cannot pursue a claim against individuals who are not identified as defendants in the Complaint, such as Nurse Practitioner Bodine. (Doc. 1, pp. 6, 8-21). This

3

individual allegedly denied Plaintiff adequate medical care at Logan County Correctional Center. (*Id.*). The nurse practitioner is mentioned repeatedly in the statement of claim and exhibits, but not in the case caption or list of defendants. (*Id.*). The Court will not treat Nurse Practitioner Bodine as a defendant. Any claims against this individual should be considered dismissed without prejudice. FED. R. CIV. P. 10(a) (title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (defendant must be "specif[ied] in the caption").

For each of these reasons, the Complaint against Saline County Jail, Brian Bennett, and Jill Bennett shall be dismissed. However, Plaintiff will have an opportunity to re-plead her claim, if she wishes to proceed with this action. When preparing a First Amended Complaint, Plaintiff should identify each defendant in the case caption and set forth allegations describing what each defendant did, or failed to do, to violate her constitutional rights. To avoid dismissal with prejudice, she must also follow the instructions and deadline in the below disposition.

## Disposition

**IT IS ORDERED** that the Complaint (including **COUNT 1**) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. Defendant **SALINE COUNTY JAIL** is **DISMISSED** with prejudice, and Defendants **BRIAN BENNETT** and **JILL BENNETT** are **DISMISSED** without prejudice.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **February 19, 2020**. Should she fail to file an amended complaint within the allotted time or consistent with the instructions in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or prosecute her claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. She should label the form, "First Amended Complaint," and she should use the case number for this action (No. 19-cv-01293-JPG). To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint generally supersedes and replaces prior versions, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any previous pleading. Plaintiff must re-file any exhibits she wishes the Court to consider. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that her obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files a First Amended Complaint. 28 U.S.C. § 1915(b)(1).

Finally, Plaintiff is **ADVISED** that she is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in her address; the Court will not independently investigate her whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 1/23/2020**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**
