IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHANNA R. HINANT, #Y30924, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 19-cv-01293-JPG |
| ) | |
| BRIAN BENNETT ) | |
| and JILL BENNETT, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM & ORDER**

**GILBERT, District Judge:**

This matter is before the Court for preliminary review of the First Amended Complaint filed pursuant to 42 U.S.C. § 1983 by Plaintiff Shanna Hinant, a former inmate at Saline County Jail located in Harrisburg, Illinois. (Doc. 13). Plaintiff alleges that she was denied medical care during her pretrial detention at the Jail in April and May 2018, in violation of her rights under the Eighth and/or Fourteenth Amendments. (*Id.* at p. 6). She seeks money damages against Jail Supervisor Brian Bennett and Lieutenant Jill Bennett. (*Id.* at p. 7).

The First Amended Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the First Amended Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

1

**First Amended Complaint**

Plaintiff sets forth the following allegations in the Amended Complaint (Doc. 13, p. 6): Plaintiff was arrested and taken to Saline County Jail on April 10, 2018. (*Id*.). When she arrived, Lieutenant Jill Bennett took Plaintiff to the shower room and threw a set of clothing at her. Lieutenant Bennett told Plaintiff not to ask for anything because she is "the one in charge" and was unhappy that Plaintiff ran through her yard the night before her arrest. (*Id*.). Plaintiff felt that this statement violated her rights under the Eighth and/or Fourteenth Amendments. (*Id*.).

At some point, Plaintiff asked to see an eye doctor and dentist. (*Id*.). Her request was denied. (*Id*.). Plaintiff does not state what medical or dental issues prompted the request or who denied it. (*Id*.).

On May 21, 2018, Plaintiff fell in bodily fluids that puddled in the prison yard. (*Id*.). She injured her right leg. (*Id*.). Two weeks passed before an incident report was prepared and her injuries were x-rayed. (*Id*.). Plaintiff felt that Jail Supervisor Bennett and Lieutenant Bennett were responsible for making the recreational yard safe by cleaning up the bodily fluids or posting a sign to warn inmates of the dangerous conditions. (*Id*.).

Based on the allegations summarized above, the Court finds it convenient to designate a single Count in the *pro se* First Amended Complaint:

> **Count 1:**   Defendants subjected Plaintiff to unconstitutional conditions of confinement and/or denied her medical care at Saline County Jail in April and/or May 2018.

**Any other claim that is mentioned in the First Amended Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

**Discussion**

The First Amended Complaint does not survive Section 1915A screening. The allegations support no claim for a constitutional deprivation against Jail Supervisor Brian Bennett or Lieutenant Jill Bennett. Accordingly, this action shall be dismissed.

Plaintiff proceeds against both defendants based on a theory of *respondeat superior* liability. However, Jail Supervisor Bennett and Lieutenant Jill Bennett (who described herself as the "one in charge" at the Jail) cannot be liable for a violation of Plaintiff's constitutional rights simply because of their supervisory roles at the Jail. The doctrine of *respondeat superior* does not apply to Section 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Section 1983 liability hinges on personal responsibility for the deprivation of a constitutional right. *Id.* (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). The allegations do not suggest that either defendant was personally responsible for or a participant in any constitutional deprivation.

Plaintiff complains about a rude comment that Lieutenant Bennett made upon her arrival at the Jail when the lieutenant told Plaintiff not to ask for anything. (Doc. 13, p. 6). Although the Court certainly does not condone such statements, the comment does not rise to the level of a constitutional violation. The "Constitution does not compel guards to address prisoners in a civil tone using polite language." *Antoine v. Uchtman*, 275 Fed. Appx. 539, 541 (7th Cir. 2008). The Seventh Circuit Court of Appeals has explained that "[s]tanding alone, simple verbal harassment does not constitute cruel and unusual punishment [under the Eighth Amendment], deprive a prisoner of a protected liberty interest [under the Fourteenth Amendment] or deny a prisoner equal protection of the laws [under the Fourteenth Amendment]." *DeWalt v. Carter*, 224 F.3d 607, 612

(7th Cir. 2000) (collecting cases), *overruled on other grounds* by *Savory v. Cannon*, 947 F.3d 408 (7th Cir. 2020). Lieutenant Bennett's isolated comment supports no constitutional claim.

Plaintiff next complains about the denial of her request to see an eye doctor or dentist and a delay in treatment for her right leg injury. However, she offers no information about her medical concerns, the scope of her injuries, or the symptoms that prompted her requests for treatment. Plaintiff makes no claim that she directed these requests to either defendant. Defendants cannot be liable for the denial of care under Section 1983 when they had no personal or direct knowledge of any need for treatment. *See Palmer v. Marion Cnty.*, 327 F.3d 588, 593-94 (7th Cir. 2003) (defendant sheriff was not subject to individual liability where he had no knowledge of or personal involvement in the actions leading to the alleged constitutional deprivation). *Maltby v. Winston*, 36 F.3d 548, 559 (7th Cir. 1994) (same). The medical requests support no constitutional claim against the defendants.

Finally, the wet or slippery conditions in the recreational yard support no constitutional claim against either defendant. Slip-and-fall claims generally arise under state negligence law. *See, e.g., Atkins v. Sheriff's Jail Avoyelles Parish*, 278 Fed. Appx. 438, 439 (5th Cir. 2008) (upholding dismissal of slip-and-fall complaint as frivolous and for failure to state a claim); *Bell v. Ward*, 88 Fed. Appx. 125, 127 (7th Cir. 2004) (wet floors pose no substantial risk of serious harm); *Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004) (plaintiff failed to show that standing water problem known to prison officials posed substantial risk of serious harm); *White v. Tyszkiewicz*, 27 Fed. Appx. 314, 315 (6th Cir. 1994) (affirming dismissal of prisoner's civil rights case arising from slip and fall on ice); *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) ("slippery prison floors . . . do not even state an arguable claim for cruel and unusual punishment"). Plaintiff describes conditions that were temporary in nature and were not systemic. She does not

allege that either defendant had knowledge of the conditions in time to post a sign, clean up the spill, or prevent her injuries. Because the allegations offer no suggestion that either defendant was responsible for the localized and temporary spill in the recreational yard, the First Amended Complaint fails to state a constitutional claim against either defendant for the conditions Plaintiff encountered in the yard.

## Disposition

**IT IS ORDERED** that the First Amended Complaint and this action are **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted. This dismissal counts as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, and the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, she may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(a)(1)(A). If Plaintiff does choose to appeal, she will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. She must list each of the issues she intends to appeal in the notice of appeal. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED**.

**DATED: 5/7/2020**

                                                        s/J. Phil Gilbert
                                                      **J. PHIL GILBERT**
                                                      **United States District Judge**